UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONTE CURRY,<br><br>    Plaintiff,<br><br>    v.<br><br>ALVIN B. DAVIS, et al.,<br><br>    Defendants. | CAUSE NO. 1:21-CV-161-HAB-SLC |

OPINION AND ORDER

Donte Curry, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (ECF 2.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Curry is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] The court previously ordered him to show cause why the initial partial filing fee had not be paid. However, after that order issued, the initial partial filing fee was paid. (*See* ECF 13.) The case is therefore ripe for screening.

1

Mr. Curry alleges that at around 3 a.m. on March 18, 2019, he was driving to his girlfriend's house in Fort Wayne, Indiana. He claims Officer Allen B. Davis of the Fort Wayne Police Department followed his vehicle for no legitimate reason, and ultimately executed a traffic stop. Other officers arrived, who then searched Mr. Curry and his vehicle. He claims that the officers had no probable cause to stop his vehicle and had no legal basis to search him and his vehicle without his permission. He was subsequently charged with resisting law enforcement, which he claims was based on "fabricated" reports by the officers. He claims he was always compliant with the officers and did not resist them in any way. Nevertheless, he alleges that the case proceeded to a jury trial and he was found guilty. In 2019, he was sentenced to two years in state prison, to run consecutive to a sentence imposed for a different offense. Based on these events, he sues seven officers of the Fort Wayne Police Department and the City of Fort Wayne, seeking $ 1.8 million in compensatory and punitive damages.

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Claims for false arrest, unlawful search, and similar Fourth Amendment violations accrue at the time of the violation. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (en banc).

It is apparent from Mr. Curry's allegations and an attachment to the complaint that his arrest occurred on March 18, 2019. (ECF 2 at 1; ECF 2-1 at 2.) It is also clear that Mr. Curry was aware of his injuries, and their cause, immediately as they occurred. His complaint was signed and tendered to prison officials for filing on April 19, 2021, more than two years later.[2] (ECF 2 at 13.) Therefore, his Fourth Amendment claims for false arrest and unlawful search are untimely. Although the statute of limitations is ordinarily an affirmative defense, where it is clear from the face of the complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here.

Additionally, Mr. Curry asserts throughout the complaint that he is not guilty of resisting law enforcement and that the charge against him was false. He cannot challenge his state criminal conviction in this civil rights action. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Instead, his sole federal remedy lies in habeas corpus. *Id.* Nor can he pursue a claim for money damages for wrongful conviction or malicious prosecution based on an allegation that he did not resist law enforcement, because such a claim rests on a presumption that his conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Such claims cannot be brought unless and until his conviction is "reversed on

---

[2] Because he is an inmate, he is entitled to the benefit of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988). His complaint was deemed "filed" as soon as he tendered it to prison staff for filing, even though it was not filed with the court until April 29, 2021. It appears that he may have prepared a portion of the complaint in December 2020, but it clear from the "verification" section that he did not complete the complaint and sign it or tender it for filing until April 2021. (*See* ECF 2 at 9, 13.)

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. There is no indication from the complaint this has occurred; in fact, he alleges that to date the state appellate courts have thwarted his efforts to overturn his conviction. These claims must be dismissed without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Although it appears unlikely Mr. Curry can overcome the untimeliness bar or the *Heck* bar, in the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing this order, he believes he can state a viable and timely claim for relief against these defendants, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) GRANTS the plaintiff until **November 12, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A.

SO ORDERED on October 12, 2021.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT