UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONTE CURRY, <br><br> Plaintiff, <br><br> v. <br><br> ALVIN B. DAVIS, et al., <br><br> Defendants. | CAUSE NO. 1:21-CV-161-HAB-SLC |

OPINION AND ORDER

Donte Curry, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 24.) The court screened his original complaint and determined that it did not state a viable claim for relief against any defendant, but afforded him an opportunity to amend his complaint before the case was dismissed. (ECF 14.) After being granted two extensions of time, he filed this complaint.

Under 28 U.S.C. § 1915A, the court must review the amended complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Curry is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

As with his original complaint, Mr. Curry alleges that around 3 a.m. on March 18, 2019, he was driving his car in Fort Wayne, Indiana, when he was pulled over by Officer Allen B. Davis of the Fort Wayne Police Department. He claims he was going approximately 15 mph in a 30 mph zone, and that there was no legitimate purpose for the traffic stop. He further claims that Officer Davis and other officers who arrived on the scene subjected him to excessive force and searched his car without a legitimate reason. He claims he was arrested without probable cause and his car towed without justification. He further claims he was "maliciously prosecuted" for resisting law enforcement based on evidence "fabricated" by the officers. Mr. Curry omits some of the details about the criminal case from his amended complaint, but public records reflect that he was convicted of resisting law enforcement in December 2019 and sentenced to two years in prison.[1] *See State v. Curry*, 02D04-1905-F6-000638 (Allen Sup. Ct. decided Dec. 20, 2019). Based on these events, he seeks monetary damages against a variety of defendants.

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Claims for false arrest,

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

unlawful search, unlawful seizure of property, and similar Fourth Amendment violations accrue at the time of the violation. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (en banc). As with his original complaint, it is evident that Mr. Curry's arrest occurred on March 18, 2019, and that he was aware of his injuries, and their cause, as of that date. His original complaint was signed on April 19, 2021, more than two years later. (ECF 2 at 13.) Therefore, his claims for false arrest, unlawful search, and unlawful seizure of his car are untimely.

As for his malicious prosecution claim, he asserts throughout the complaint that he is not guilty of resisting law enforcement and that the charge against him was based on false evidence. He cannot pursue a claim for money damages for wrongful conviction or malicious prosecution based on an allegation that he did not resist law enforcement, because such a claim rests on a presumption that his conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Such claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. There is no indication that has occurred in Mr. Curry's case. Instead, public records reflect that his conviction was upheld on appeal.[2] *Curry v. State*, 149 N.E.3d 688

---

[2] In affirming his conviction, the appellate court determined the facts to be very different from what Mr. Curry alleges in his complaint. The court found that Mr. Curry was traveling between 50 miles to 60 miles per hour in a 30 mile-per-hour residential zone, failed to stop at a stop sign, and continued driving after Officer Davis attempted to pull him over. He refused several commands by police to exit his vehicle, to put his hands in the air, and to submit to handcuffs. *See Curry*, 149 N.E.3d 688 (Table), 2020 WL 3248838, at *1.

(Ind. Ct. App.), *transfer denied*, 153 N.E.3d 1104 (Ind. 2020). This claim must be dismissed without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

An excessive force claim is not always inconsistent with an outstanding conviction, but here Mr. Curry alleges that he was doing nothing wrong when the police pulled him out of his vehicle, that he never resisted, and that they had no reason to use any force against him. Such claims are incompatible with his outstanding conviction. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019); *Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016). This claim must be dismissed without prejudice. *Polzin*, 636 F.3d at 839. Mr. Curry has already been given an opportunity to amend his complaint, and the court finds no basis to conclude that if given another opportunity he could state a viable claim for relief, consistent with the allegations he has already made in two sworn complaints.

For these reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915A. The plaintiff's claims for malicious prosecution, wrongful conviction, and excessive force are DISMISSED WITHOUT PREJUDICE pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

SO ORDERED on March 2, 2022.

       s/ *Holly A. Brady*
      JUDGE HOLLY A. BRADY
      UNITED STATES DISTRICT COURT